**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO.: SA:24-CR-00308-JKP** |
| | § | |
| **ASHLEY OBIEDO** | § | |

**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE**
**PURSUANT TO 18 U.S.C. § 3553(a)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Defendant ASHLEY OBIEDO (Misspelled "Obiedio" in the indictment or "Defendant"), by and through her attorney of record, ADAM C. CORTEZ, and hereby submits this sentencing memorandum in support of his request that the Court vary from the sentencing guidelines as follows:

**PROCEDURAL BACKGROUND**

1.    On November 24, 2024, OBIEDO pled guilty to a Count Three of a Three Count Indictment. Count Three alleged Falsifying Information when Buying a Firearm, in violation of 18 U.S.C. § 922(a)(6). The plea was made pursuant to a plea agreement whereby the Government agreed to dismiss the remaining counts and to allow OBIEDO to receive the maximum applicable downward adjustment for acceptance of responsibility under guidelines Section 3E1.1. The Presentence Report ("PSR") sets forth an advisory guideline range of 12 to 18 based on a total offense level of 13.

**RELEVANT FACTS**

2.    OBIEDO fully accepts responsibility for falsifying information when purchasing a firearm and in her letter to the Court she provides a detailed account of her remorse for her offense. OBIEDO also mentioned her well documented history of mental illness that is reflected

1

in her Initial Pre-Trial Services Report and in paragraph 48 of the PSR. OBIEDO'S struggles with her mental health caused Judge Richard Farrar to order that she receive mental health treatment as a condition of her release on bond. OBIEDO has faithfully adhered to that and all of her bond conditions since her release from custody on July 15, 2024. The cause of OBIEDO'S mental health issues was not disclosed or known by counsel until her interview with the U.S. Probation Office and the subsequent release of the PSR.

3.      Paragraph 41 of the PSR details a horrific history of emotional and physical abuse and neglect as well as sexual abuse. The account of the abuse and neglect that OBIEDO endured as a child and into adulthood can only be described as disturbing. It is well established that such childhood abuse and neglect leads to devasting consequences including the kind of mood and anxiety disorders that have plagued OBIEDO throughout her life.[1] OBIEDO is in no way suggesting that her mental health issues caused by the abuse she has suffered is an excuse for her behavior, but it is certainly a factor for the Court to consider in granting her a probated sentence.

### SENTENCING FACTORS

4.      In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the sentencing guidelines are advisory only, not mandatory. Rather, the guidelines are only one of seven factors set forth in 18 U.S.C. § 3553 (a). *See Gall v. United States,* 552 U.S. 38 at 49–50 (2007). The first of the seven § 3553(a) factors that a sentencing court must consider is a "broad command to consider 'the nature and circumstances of the offense and **the history and characteristics of the defendant**.'" *Id.* at 50 n. 6 (quoting 18 U.S.C. § 3553(a)(1)(emphasis added). The other factors that must be considered by the court in fashioning the appropriate sentence include (2) the need for the sentence imposed--(A) to reflect the seriousness of the

---

[1] The Devastating Clinical Consequences of Child Abuse and Neglect: Increased Disease Vulnerability and Poor Treatment Response in Mood Disorders - PMC

offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the advisory guideline range; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *Booker*, 543 U.S. at 269-70; *Gall, 552 U.S.* at 50 n. 6.

## A PROBATED SENTENCE IS APPROPRIATE BASED ON THE CHARACTERICTICS POSSESSED BY OBIEDO

5.      OBIEDO submits to this Court that significant factors exist that provide a basis for the Court to vary from the advisory guideline range and sentence her to a probated sentence. OBIEDO is a 37-year-old woman who quickly agreed to accept responsibility and plead guilty to the instant charge thereby allowing the government to avoid the need to prepare for trial. OBIEDO'S statement to the Court reflects her dedication to maintaining her mental health that she was ordered to maintain as a condition of release and for which she was financially unable to obtain during the time of the commission of the instant offense as was noted in her initial Pretrial Services Report. This Court can take into consideration OBIEDO'S mental illness and the difficult childhood she endured as a basis for a reduced sentence. See, *United States v. Escobar*, 872 F.3d 318, 320-321 (5th Cir. 2017) (The Defendant raised his mental health and drug abuse issues as well as his childhood as grounds for imposing less time, and the court found those arguments persuasive reasons for varying downward from the guidelines).

6.      OBIEDO understands and appreciates that she is responsible for her conduct, and she has expressed how deeply remorseful she is for her actions. Further, she has expressed renewed

interest in her religious faith, which may be dismissed by some as being of little consequence. However, studies have shown that a person who is dedicated to religion is less likely to engage in criminal behavior. See e.g., Religion, Crime, and Criminal Justice | Oxford Handbook Topics in Criminology and Criminal Justice | Oxford Academic. Accordingly, these studies allow this Court to consider OBIEDO'S faith as a factor that tends to indicate that she will not commit any crimes in the future. A five-year probated sentence would be a just punishment for OBIEDO while at the same time allowing her the opportunity to continue to provide financial support to her two children.

7.      OBIEDO prays that the Court follows the directive of the Supreme Court and fashions a sentence that fits her personal history and characteristics and not just the crime. *See, Pepper v. United States*, 562 U.S. 476, 487-88 (2011). In *Pepper*, the Court emphasized the need for a discretionary analysis, reiterating "the principle that 'the punishment should fit the offender and not merely the crime." 562 U.S. 476, 487-88 (2011). The *Pepper* Court "emphasized that "[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Id. at 488 (Citing *Williams v. New York,* 337 U.S. 241, 247 (1949)).

8.      Circuit courts have upheld substantial variances from the guidelines to sentences outside the guidelines for crimes much more serious than that committed by OBIEDO. In *United States v. Autery*, 555 F.3d 864 (9th Cir. 2009), the Ninth Circuit held that a downward variance from a guideline range of 41 months to 51 months to probation for a Defendant charged with possessing child pornography was not unreasonable, in part, because of the defendant's positive characteristics, including having no history of substance abuse, no interpersonal instability, no sociopathic or criminalistic attitude, motivation, intelligence, and character. *Autery*, 555 F.3d at 868. Additionally, the District Court in *Autery* considered the support the defendant provided to

his wife and child as basis for the variance to a probated sentence. *Id.* The District Court in *Autery* acknowledged that child pornography was "terrible stuff", but the Court considered the Defendant's personal characteristics and determined that his case was different from the "hundreds and hundreds" of other child pornography cases that the Court had adjudicated. *Autery*, 555 F.3d at 868.   For those reasons, the probated sentence was upheld by the Court. *Id.* at 878.

9.      The Fifth Circuit has also deferred to the judgment of the trial courts and upheld substantial variances from the advisory guidelines. In *United States v. Rowan*, 530 F.3d 379 (5th Cir. 2008), the Fifth Circuit held that a downward variance from a guideline range of 46-57 months imprisonment to a non-guidelines sentence of probation was reasonable for a defendant convicted of possessing hundreds of hardcore child pornography images where the defendant had no criminal history. The *Rowan* Court deferred to the judgment of the District Court because it had committed no procedural error and because it had "meticulously" considered all of the § 3553(a) factors. *Rowan*, 530 F.3d at 381. In *United States v. Hoffman*, 901 F.3d 526, 559-560 (5th Cir. 2018), the Fifth Circuit upheld a downward variance from a guideline range of 46-57 months imprisonment to a non-guidelines sentence of three years' probation as reasonable for a defendant who was convicted by a jury for conspiracy to commit wire and mail fraud, one count of wire fraud, and one count of mail fraud. These cases reveal the broad discretion possessed by District Courts to fashion a sentence that fits the person and not just the crime.

### **CONCLUSION**

Here, based on OBIEDO'S commitment to maintaining her mental health through treatment, her Christian faith, and her sincere desire to better herself, OBIEDO prays that this Court sentence her to 5 years' probation.

Respectfully Submitted,

THE CORTEZ LAW FIRM
1202 South Alamo Street
San Antonio, Texas 78210
Telephone No.: (210) 273-2277
Facsimile No.:  (210) 504-1523
adam@cortezlawfirm.com

By:    **/s/ Adam C. Cortez**
       ADAM C. CORTEZ
       State Bar No.: 04844650

       ATTORNEY FOR OBIEDO

## CERTIFICATE OF SERVICE

I certify that I have on this 11th day of February 2025, delivered a true and correct copy of the foregoing pleading to the counsel for the United States via the ECF system.

/s/ Adam C. Cortez
**ADAM C. CORTEZ**

6